UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BOBST NORTH AMERICA, INC.,** assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment,<br><br>    PLAINTIFF,<br><br>v.<br><br>**EC3, LLC and EASTCOAST PACKAGING, INC.,**<br><br>    DEFENDANTS. | Case No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants EC3, LLC and Eastcoast Packaging, Inc. hereby give notice, with full reservation of any and all defenses and claims, of the removal of this action from the Superior Court of New Jersey Law Division – Essex County to the United States District Court for the District of New Jersey.  As grounds for removal, Defendants state as follows:

### Procedural Background – State Court Action

1. Plaintiff Bobst North America, Inc. ("Bobst") commenced an action against Defendants in the Superior Court of New Jersey Law Division – Essex County, Docket No. 3698-17.  Defendants were served with a copy of the Complaint on June 27, 2017.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and Civil Case Information Statement served upon Defendants is attached as Exhibit 1.

3. The Superior Court of New Jersey Law Division – Essex County is a state court within this judicial district and division.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 113(b) and 1441(a).

4. The Summons was issued on or about May 25, 2017 and Defendants received a copy of the Summons and Complaint on June 27, 2017.

5. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of Defendants' receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."). This action was also commenced less than one year ago.

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

7. Superior Court of New Jersey Law Division – Essex County is a state court within this judicial district and division. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 113(b), 1441(a).

## There is Complete Diversity of Citizenship Between the Parties

8. Plaintiff Bobst is a Florida corporation with its principal place of business in Roseland, NJ.

9. Defendant EC3 LLC ("EC3") is a North Carolina limited liability company, whose citizenship is determined by its members. The members of EC3 are citizens of North Carolina.

10. Defendant Eastcoast Packaging Inc. ("Eastcoast") is a North Carolina corporation with its principal place of business in Middlesex North Carolina.

11. There is complete diversity between the parties to this litigation.

### The Amount-In-Controversy Requirement is Satisfied

12. The Complaint sets out a dollar amount of $114,977.00, which exceeds the $75,000.00 jurisdictional minimum.

13. If diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. § 1446(c)(2).

### ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

14. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

15. This matter has not been previously removed.

16. Removal at this present time will not result in any prejudice to Bobst.

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12, or otherwise, including, but not limited to, the defenses of insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, res judicata, or other factual or affirmative defenses.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being filed with the Clerk of Court for the Superior Court of New Jersey Law Division – Essex County. Defendants are also giving prompt written notice to Bobst of the filing of this petition for removal.

**WHEREFORE**, Defendants respectfully request that this Court take jurisdiction of this action, issue all necessary orders and process to remove this action from Superior Court of New Jersey Law Division – Essex County and such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 27th day of July, 2017.

By:   /s/ Susan Schleck Kleiner
_____
Susan Schleck Kleiner, Esq.
Law Offices of Susan Schleck Kleiner Esq.
272 Main Street
Metuchen, NJ 08840
Phone 732-318-6754
Fax: 732-289-6129
Email Address: susan@skleinerlaw.com
Attorney for Defendants EC3, LLC and Eastcoast Packaging, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have served this NOTICE on the following parties through the Court's CM/ECF system and via email:

Douglas E. Burns, Esq.
Kraemer Burns, P.A.
675 Morris Avenue
Springfield, NJ 07081

*Attorneys for Plaintiff*

Dated:  July 27, 2017

By:    /s/ Susan Schleck Kleiner
       _____

*Served: June 27th 5:00 PM*

**KRAEMER BURNS, P.A.**
Douglas E. Burns, Esq. Attorney ID#007521973
**675 MORRIS AVENUE**
**SPRINGFIELD, NEW JERSEY 07081**
dburns@kraemerburns.com
Tel #(973) 912-8700
Fax #(973) 912-8692
**ATTORNEYS FOR Plaintiff, Bobst North America Inc.**

---

| | |
|---|---|
| BOBST NORTH AMERICA, INC., assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment<br><br>Plaintiff,<br><br>v.<br><br>EC3, LLC and EASTCOAST PACKAGING INC.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - ESSEX COUNTY<br>DOCKET NO. 3698-17<br><br>Civil Action<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

    Eastcoast Packaging Inc.
    10235 East Finch Avenue
    Middlesex, NC 27557

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the

# EXHIBIT 1

complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: June _____, 2017

Name of Defendants to Be Served:     Eastcoast Packaging
Address of Defendants to Be Served:  10235 East Finch Avenue
                                     Middlesex, NC 27557

2



KRAEMER BURNS, P.A.
Douglas E. Burns, Esq. Attorney ID#007521973
675 MORRIS AVENUE
SPRINGFIELD, NEW JERSEY 07081
dburns@kraemerburns.com
Tel #(973) 912-8700
Fax #(973) 912-8692
ATTORNEYS FOR Plaintiff, Bobst North America Inc.

---

| | |
|---|---|
| BOBST NORTH AMERICA, INC., assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment<br><br>Plaintiff,<br><br>v.<br><br>EC3, LLC and EASTCOAST PACKAGING INC.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br>DOCKET NO.<br><br>3698-17<br><br>Civil Action<br><br>**COMPLAINT AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff Bobst North America Inc. ("Bobst"), a corporation of the State of New Jersey, having a place of business at 146 Harrison Avenue, Roseland, New Jersey 07068, as assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment ("PPE"), by way of complaint against the defendants EC3, LLC ("EC3") and Eastcoast Packaging Inc. ("Eastcoast" and with EC3 sometimes referred to collectively as "Eastcoast Defendants" says:

## FIRST COUNT

1. Defendant EC3 agreed to purchase from PPE equipment described as follows: one (1) 2006 Brause (SN JZ-11898) together with two chases/1 plate/1 set of stripping Frames & Tools, spare parts tools and manuals (collectively the "Equipment") for $110,000.00 ("Purchase Price"), freight in the amount of $1,347.00 and a dismantling and loading fee of $3,630, for a total of $114,977.00 (collectively the "Amount Due").

2. EC3 acquired the Equipment for the use of Eastcoast.

3. PPE delivered the Equipment to the Eastcoast Defendants at 20 Flagstone Court, Franklinton, North Carolina ("Facility").

4. The Eastcoast Defendants accepted delivery of the Equipment at the Facility.

5. The Eastcoast Defendants have been using the Equipment since it was delivered to the Facility.

6. The Eastcoast Defendants owe PPE the Amount due.

7. PPE demanded payment of the Amount Due from the Eastcoast Defendants but they have failed and refused to pay the Amount Due.

8. PPE has assigned to Bobst its interest in the Equipment and Amount Due.

9. Bobst, as the assignee of PPE, stands in PPE's position and is entitled to payment of the Amount Due.

10. Bobst, as the assignee of PPE, has demanded payment of the Amount Due from the Eastcoast Defendants but they have failed and refused to pay same

WHEREFORE, plaintiff, Bobst North America Inc., as the assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment, demands entry of a judgment in its favor on this Count of the Complaint against the defendants, EC3, LLC and Eastcoast Packaging Inc., jointly and severally, for the sum of $114,977.00 plus interest, costs of suit and such other relief as the Court deems equitable and just.

## SECOND COUNT

1. Bobst repeats the allegations of the First Count as if fully set forth herein at length.

2. The Eastcoast Defendants owe Bobst, as assignee of PPE, $114,977.00 for the services and Equipment, that were sold and delivered by PPE to the East Coast Defendants in accordance with a book account, a copy of which is annexed hereto as Exhibit A.

3. Although payment of the Amount Due has been demanded by PPE and Bobst from the Eastcoast Defendants, the Eastcoast Defendants have failed and refused to pay the Amount Due.

WHEREFORE, plaintiff, Bobst North America Inc., as the assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment, demands entry of a judgment in its favor on this Count of the Complaint against the defendants, EC3, LLC and Eastcoast Packaging Inc., jointly and severally, for the sum of $114,977.00 plus interest, costs of suit and such other relief as the Court deems equitable and just.

### THIRD COUNT

1. Bobst repeats the allegations of the First and Second Counts as if fully set forth herein at length.

2. PPE sold and delivered the services and Equipment to the Eastcoast Defendants upon the promise of the Eastcoast Defendants to pay PPE the agreed upon amount, as set forth on Exhibit A.

3. Although payment of the Amount Due has been demanded by PPE and Bobst from the Eastcoast Defendants, the Eastcoast Defendants have failed and refused to pay the Amount Due.

**WHEREFORE**, plaintiff, Bobst North America Inc., as the assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment, demands entry of a judgment in its favor on this Count of the Complaint against the defendants, EC3, LLC and Eastcoast Packaging Inc., jointly and severally, for the sum of $114,977.00 plus interest, costs of suit and such other relief as the Court deems equitable and just.

### FOURTH COUNT

1. Bobst repeats the allegations of the First, Second and Third Counts as if fully set forth herein at length.

2. PPE sold and delivered the services and Equipment to the Eastcoast Defendants upon the Eastcoast Defendants' promise to pay a reasonable price for the services and Equipment, as set forth on Exhibit A annexed hereto.

3. Although payment of the Amount Due has been demanded by PPE and Bobst from the Eastcoast Defendants, the Eastcoast Defendants have failed and refused to pay the Amount Due.

**WHEREFORE**, plaintiff, Bobst North America Inc., as the assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment, demands entry of a judgment in its favor on this Count of the Complaint against the defendants, EC3, LLC and Eastcoast Packaging Inc., jointly and severally, for the sum of $114,977.00 plus interest, costs of suit and such other relief as the Court deems equitable and just.

### FIFTH COUNT

1. Bobst repeats the allegations of the First, Second, Third and Fourth Counts as if fully set forth herein at length.

2. Based upon information and belief, defendants Eastcoast and EC3 are affiliated companies under common ownership.

3. Based upon information and belief, defendant Eastcoast arranged for defendant EC3 to acquire the Equipment on its behalf to shield the Equipment from potential creditor claims.

4. Defendant Eastcoast has been using the Equipment since it was delivered to the Facility and has wrongfully benefited from the use of the Equipment.

5. The use of the Equipment by the defendant Eastcoast, without having paid the Amount Due, is inequitable, unconscionable and constitutes unjust enrichment.

6. Although payment of the Amount Due has been demanded by PPE and Bobst from defendant Eastcoast, defendant Eastcoast has failed and refused to pay the Amount Due.

**WHEREFORE**, plaintiff, Bobst North America Inc., as the assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment, demands entry of a judgment in its favor on this Count of the Complaint against the defendant Eastcoast Packaging Inc., for the sum of $114,977.00 plus interest, costs of suit and such other relief as the Court deems equitable and just.

KRAEMER BURNS, P. A.
Attorneys for Plaintiff

By: _____
    Douglas E. Burns

Dated: May 9, 2017

### DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, you are hereby notified that Douglas E. Burns, Esq. is assigned to try this case.

### CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that the matter in controversy is not the subject of any action pending in any other Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

_____
Douglas E. Burns

Dated: May 9, 2017

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in accordance with R. 1:38-7(b).

Dated: May 9, 2017

Douglas E. Burns

**Appendix XII-B1**

| | | |
|---|---|---|
|  | **CIVIL CASE INFORMATION STATEMENT (CIS)**<br>Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Douglas E. Burns | TELEPHONE NUMBER<br>(973) 912-8700 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Kraemer Burns, P.A. | | DOCKET NUMBER (when available)<br>3698-17 |
| OFFICE ADDRESS<br>675 Morris Avenue<br>Springfield, New Jersey 07081 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND  ☐ YES  ■ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Bobst North America, Inc., assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment | CAPTION<br>Bobst North America, Inc., assignee of Jake Gray Enterprises, LLC d/b/a Print Packaging Equipment v. EC3, LLC and Eastcoast Packaging, Inc. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>599 | HURRICANE SANDY RELATED?<br>☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ YES  ■ NO | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES  ■ NO | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 10/01/2016, CN 10517

page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**   ☐ **Title 59**

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK            NJ 07102                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                       DATE:   MAY 25, 2017
                       RE:     BOBST NORTH AMERICA INC VS EC3
                       DOCKET: ESX L -003698 17

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        002
AT:  (973) 776-9300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                   ATTENTION:              ATT: DOUGLAS E. BURNS
                                           KRAEMER BURNS PA
                                           675 MORRIS AVENUE
                                           SPRINGFIELD      NJ 07081

JUGSHE0
```