Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOBST NORTH AMERICA, assignee of JAKE GRAY ENTERPRISES, LLC d/b/a PRINT PACKAGING EQUIPMENT, <br><br> *Plaintiff,* <br><br> v. <br><br> EC3, LLC and EASTCOAST PACKAGING, INC <br><br> *Defendants.* | Civil Action No. 17-5507 (JMV) (CLW) <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on the renewed motion of Plaintiff Bobst North America ("Bobst"), assignee of Jane Gray Enterprises, LLC d/b/a Print Packaging Equipment ("PPE") for default judgment against Defendants EC3, LLC ("EC3") and Eastcoast Packaging, Inc. ("Eastcoast") (collectively, "Defendants') under Federal Rule of Civil Procedure 55(b). D.E. 19. The Court reviewed all submissions made in support of the motion, which was unopposed, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED.**

### I.     Factual Background & Procedural History[1]

EC3 agreed to purchase equipment from PPE for Eastcoast to use. Compl. at ¶¶1-2. PPE

---

[1]  The facts of this matter derive from the Complaint as well as the certification submitted in conjunction with Plaintiff's motion for default judgment. *See* Ex. 1 to D.E. 1, hereinafter "Complaint" or "Compl.", D.E. 19.

delivered the equipment to Eastcoast in North Carolina. *Id.* at ¶¶3-4. The purchase price of the equipment, including delivery and other fees, was $114,977.00. *Id.* at ¶1. PPE then assigned its interest in the equipment and its purchase price to Bobst. Bobst demanded payment from Eastcoast, but Eastcoast refused. *Id.* at ¶¶8-10. Bobst now demands payment of the full $114,977.00 from both Defendants, plus interest and the cost of suit. *Id.* at pg. 3.

Bobst filed its Complaint on May 15, 2017 in New Jersey Superior Court. D.E. 1. The Complaint lists five Counts, although Counts One through Four do not list a cause of action. Count Five is for unjust enrichment against Eastcoast. Compl. at pg. 5. Defendants removed the case to the United States District Court for the District of New Jersey on July 27, 2017. D.E. 1. On September 22, 2017, Plaintiff requested an entry of default against both Defendants, which was entered on September 28, 2017. D.E. 4. On September 28, 2017, Plaintiff filed a motion for declaratory judgment and motion for default judgment. D.E. 5. On September 29, 2017, Defendants' counsel, Susan Kleiner, filed a motion to withdraw, which was granted by Judge Waldor on October 30, 2017. D.E. 6, 10. This Court denied Plaintiff's motion for declaratory and default judgment without prejudice on February 6, 2018. D.E. 13. Plaintiff refiled its motion for default judgment on March 6, 2018. D.E. 19.

## II.   Law & Analysis

### a.  Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has

emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### b. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

### i. Subject Matter Jurisdiction

To establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as

an amount in controversy that exceeds the statutory threshold of $75,000. 28 U.S.C. §1332(a), *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). Here, Plaintiff is a Florida corporation with its principal place of business in New Jersey. D.E. 1 at ¶8. EC3 is a North Carolina limited liability corporation whose citizenship is determined by the citizenship of its individual members, who are all citizens of North Carolina. *Id.* at ¶9. Eastcoast is a corporation with its principal place of business in North Carolina. *Id.* at ¶10. Accordingly, the Court has diversity jurisdiction because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the statutory threshold.

### ii. Personal Jurisdiction

"The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)); *see also Coyle v. Mathai*, No. 11–5185, 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause."); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F.Supp.2d 465, 469 (D.N.J. 1998) (opining that personal jurisdiction can be established solely through a forum selection clause in place of a due process analysis).

Here, Defendants have agreed that venue is proper in the United States District Court for the District of New Jersey, per their notice of removal, but they have not expressly consented to the Court's personal jurisdiction. *Brahney v. Pinnacle Credit Services*, 2014 WL 4269127, at *2 & n. 1 (D.N.J. Aug. 29, 2014) (stating that removal to federal court does not waive defendant's objection to the court's personal jurisdiction). Defendants' counsel, Susan Kleiner, has posted

documents to the docket on this case, *see* D.E. 2, though she has since withdrawn. It appears that Defendants have appeared during telephone conferences with Judge Waldor, but it is not clear if they have in fact objected to the Court's personal jurisdiction. *See* Declaration of Douglas E. Burns in Support of Motion to Enter Judgment of Default, D.E. 19-2, at ¶¶3-4.

The facts in the Complaint are very limited, and do not state where the contract (if any) was signed or how it was negotiated, nor how Defendants had contact with the state of New Jersey other than by agreeing to purchase equipment from a corporation with a principal place of business in New Jersey. Plaintiff does not address the issue of personal jurisdiction in their memorandum of law in support of their motion for default judgment, other than to say "The defendants invoked the jurisdiction of this court by virtue of their removal." D.E. 19-1 at pg. 7. Personal jurisdiction can be waived, but Plaintiff's analysis in this regard is lacking. Thus, the Court cannot determine whether it has personal jurisdiction over Defendants.

Thus, Plaintiff's motion is denied on this ground. If Plaintiff contends that the Court has specific personal jurisdiction based on an underlying contractual relationship, the Plaintiff must provide sufficient factual support and legal analysis to sustain its position. If Plaintiff contends that Defendants have waived any objection to personal jurisdiction, Plaintiff must similarly provide sufficient factual support and legal analysis.

### c. Sufficiency of Causes of Action and Damages

In considering the sufficiency of the action, the Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. As noted above, the only cause of action Plaintiff apparently specifies in the Complaint is for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must allege "'(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the

defendant is inequitable.'" *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd*, 374 F. App'x 341 (3d Cir. 2010). Here, Plaintiff has properly plead unjust enrichment, as Defendants allegedly received the benefit of the use of the equipment without paying Plaintiff for it. The Court does note that Plaintiff cannot recover on both a contract theory and a theory of unjust enrichment. *Ramon v. Budget Rent-A-Car Sys.*, 2007 U.S. Dist. LEXIS 11665, at *15-16 (D.N.J. Feb. 20, 2007). Plaintiff's Memorandum of Law, D.E. 19, states that the Complaint is for breach of contract, and includes a case cite to a District of New Jersey case on breach of contract, but that is not evident from the language in the Complaint as to Counts I-IV. D.E. 19 at 5. If Plaintiff is proceeding on a breach of contract theory, then it must demonstrate how its Complaint appropriately pled the cause of action.

### d. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendants have not responded in this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. The second factor also weighs in Plaintiff's favor, as the equipment has not been paid for and continues to be used by Defendants, depleting its worth. Without a default judgment, "Plaintiff has no other means of seeking damages for the

6

harm allegedly caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendants' failure to answer, without providing any reasonable explanation, especially given that they removed this case to federal court, demonstrates their culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-CV-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016). Here, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023, at *1 (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536403 at *1 (D.N.J. February 27, 2009)).

For those reasons, the Court finds that default judgment is warranted.

### e. Remedies

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted). The only remedy Plaintiff seeks is for the purchase price of the equipment, $114,977.00, plus interest and costs. However, Plaintiff has not submitted any documentation that proves this was the purchase price agreed upon by the parties. Without more, the Court cannot simply grant Plaintiff's motion for the amount requested. Again, to prevail, Plaintiff must submit adequate evidence supporting its claim for damages. To the extent Plaintiff is also seeking fees and cost, it must likewise provide the legal basis for such relief along with sufficient factual support.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for a default judgment is **DENIED**. The Court has already denied a motion for default judgment for failure to properly provide a legal basis for the remedy it seeks, D.E. 13. The Court will again dismiss without prejudice, but if Plaintiff makes another motion for default judgment, it must address all requisite requirements for default

and provide the necessary legal authority and factual bases for its motion including: (1) whether this Court in fact has personal jurisdiction over Defendant; (2) whether Plaintiff seeks to recover on a breach of contract claim or only on its claim of unjust enrichment (and, if the former, demonstrate that the cause of action was sufficiently pled); (3) proof of Plaintiff's damages; and (4) proof and legal authority supporting Plaintiff's claim for costs and fees. If Plaintiff does not do so, the Court will deny its next motion with prejudice. An appropriate Order accompanies this Opinion.

Dated: May 11, 2017

John Michael Vazquez, U.S.D.J.